# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

CESAR PIMENTEL,

             Plaintiff,

   v.

HANFORD POLICE OFFICERS ALFRED RIVERA and MARK CARRILLO,

             Defendants.

CASE NO. 1:19-cv-01088-AWI-SKO

**ORDER REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON FAILURE TO PROVIDE MEDICAL ASSISTANCE CLAIM**

**(Doc. 1)**

**TWENTY-ONE (21) DAY DEADLINE**

## I.     INTRODUCTION

### A.     Background

On August 9, 2019, Plaintiff Cesar Pimentel, proceeding *pro se*, filed a civil complaint against Hanford Police Officers Alfred Rivera ("Officer Rivera") and Mark Carrillo ("Officer Carrillo") (collectively "Defendants"). (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on August 19, 2019. (Docs. 2 & 3.) As discussed below, Plaintiff has stated a cognizable claim for failure to provide medical assistance in Claim I on which he may proceed and may be able to correct the deficiencies in his pleading for his other claim. Thus, Plaintiff may either file a first amended complaint correcting the deficiencies or advise the Court that he is willing to proceed only on his failure to provide medical assistance claim.

**B.     Screening Requirement and Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the Complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**C.     Summary of the Complaint**

Plaintiff alleges that on January 8, 2019, he was pulled over by Defendants.  (Compl. at 3, 5.)  Due to Plaintiff being under community supervision, Defendants conducted a search of Plaintiff's person and vehicle.  (*Id.*)  According to Plaintiff, prior to being searched, he "swallowed a large quantity of drugs."  (*Id.* at 3.)  During the search, Defendants found on Plaintiff's person "a glass pipe, a bindle of meth, and pills," as well as $2,909.00.  (*Id.* at 3, 5)  Plaintiff alleges Defendants located "two cellphones and 'various amounts of cash'" when searching Plaintiff's vehicle.

Plaintiff alleges that upon being detained and placed in the back of Defendants' squad car, he began to feel the effects of the drugs and advised Defendants he had swallowed them.  (Compl. at 3.)  He "continuously yelled, begged, and pleaded to be taken to the hospital," but was ignored by Defendants.  (*Id.*)  According to Plaintiff, he told Defendants, "I can't see, I can't breath[e].  I swallow[ed] an ounce of dope."  (*Id.*)  Plaintiff alleges that instead of calling for emergency medical

services, Defendants "ignored my pleas for help for an ambulance and stood by while they waited for a tow truck." (*Id*. at 3–4.) Defendants then transported Plaintiff to the jail and "forcibly placed [him] in a restraint chair with a spit mask." (*Id*. at 4.)

Once at the jail, the nurse "refused to clear" Plaintiff and "advised to call [emergency medical services]." (Compl. at 4.) According to Plaintiff, he was then "rushed" to the emergency room, where he was admitted with a body temperature of approximately 108 degrees and was hospitalized for a total of 10 days. (*Id*. at 3–4.) Plaintiff alleges that more than two hours elapsed from the time he asked Defendants for medical attention and the time of his admission to the hospital. (*Id*. at 4.) Plaintiff contends in Claim I that Defendants' failure to seek or supply immediate medical attention violated his rights under the Fourteenth Amendment to the United States Constitution. (*Id*. at 3, 4.)

In Claim II, Plaintiff alleges that Officer Rivera collected only the two cell phones as evidence from the search of Plaintiff's vehicle, leaving Plaintiff's wallet, ATM card, credit cards, and cash in the car, which was towed. (Compl. at 5.) Plaintiff's alleges that these items were "lost and unaccounted for," and Officer Rivera's failure to collect these items as evidence constitutes a violation of Plaintiff's due process rights under the Fourteenth Amendment. (*Id*.) Plaintiff seeks compensatory and punitive damages. (Compl. at 7.)

As discussed in detail below, Plaintiff's allegations in Claim I state a cognizable claim for failure to provide medical assistance against Defendants on which he should be allowed to proceed. However, Plaintiff does not state a cognizable claim in Claim II. Thus, Plaintiff may choose to proceed on the failure to provide medical assistance claim identified in Claim I, or he may attempt to cure the defects in his pleading by filing a first amended complaint.

### D.  Pleading Requirements

#### 1.  Federal Rule of Civil Procedure 8(a)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

## 2. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 ("Section 1983") provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted).

It states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Section 1983 requires that there be an actual connection or link between the defendant's actions and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 376 (1976).

A plaintiff cannot hold an officer liable "because of his membership in a group without a showing of individual participation in the unlawful conduct." *Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)). A plaintiff must "establish the 'integral participation' of the officers in the alleged constitutional violation." *Jones*, 297 F.3d at 935. "'[I]ntegral participation' does not require that each officer's actions themselves rise to the level of a constitutional violation." *Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004). It does, however, require "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). The plaintiff's allegations must demonstrate that each individual defendant personally participated in the

deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). But the sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II. DISCUSSION

### A. Plaintiff's Claims

#### 1. Claim I – Failure to Provide Medical Assistance

Plaintiff alleges that while he was in the custody of Defendants, they ignored his immediate medical needs as a result of his ingesting drugs and failed to seek or supply the medical attention he required. (Compl. at 4.) The Fourteenth Amendment protects the right of a pretrial detainee who has neither been charged nor convicted of a crime to receive necessary medical care for treatment and injuries. *See Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir.2002) *see also Dean v. City of Fresno*, 546 F. Supp. 2d 798, 811 (E.D. Cal . 2008) (applying Fourteenth Amendment to denial of medical care claim made by arrestee). While a pretrial detainee's right to be free from punishment is grounded in the Fourteenth Amendment, courts borrow from Eighth Amendment case law when analyzing the rights of pretrial detainees. *See Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (Eighth Amendment establishes minimum standard of care for pretrial detainees).

To state a claim for a constitutional violation arising from deficient medical, a plaintiff must plead that the defendants were deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d. 1133 (9th Cir. 1997). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

and wanton infliction of pain .'" *Id*. (citing *Estelle*, 429 U.S. at 104).  Examples of conditions that are "serious" in nature include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id*. at 1059–60; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that inmate whose jaw was broken and mouth was wired shut for several months demonstrated a serious medical need).

If the medical needs are serious, a plaintiff must show that the defendant acted with deliberate indifference to those needs.  *Estelle*, 429 U.S. at 104.  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  Deliberate indifference entails something more than medical malpractice or even gross negligence.  *Id*.  Inadvertence, by itself, is insufficient to establish a cause of action under Section 1983.  *McGuckin*, 974 F.2d at 1060. Instead, deliberate indifference is only present when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [prison] official must both be aware of the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also McGuckin,* 974 F.2d at 1059 (9th Cir. 1992).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner.  *Hunt v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation marks and citation omitted).  Where delay in receiving medical treatment is alleged, a prisoner must demonstrate that the delay led to further injury.  *McGuckin*, 974 F.2d at 1060.

Plaintiff alleges that after swallowing "a large quantity of drugs," he "felt like [he] was dying," and made repeated requests to be taken to a hospital.  Plaintiff further pleads that he had trouble breathing and ultimately lost consciousness.  Such allegations plausibly plead a serious medical condition under the objective prong of the deliberate indifference analysis.  *See Dean*, 546 F. Supp. 2d at 812 (noting there was no dispute that the decedent actually had a "serious medical condition" because he swallowed or ingested a sufficiently "lethal" amount of cocaine) (citing

*McGuckin*, 974 F.2d at 1059). *Accord Bradway v. Town of South Hampton*, 826 F. Supp. 2d 458, 471–72 (E.D.N.Y. 2011) (finding that the decedent suffered from a serious medical need due to risks associated with his cocaine ingestion).

With respect to the subjective prong, the allegations in Plaintiff's complaint, if credited, demonstrate that Defendants were aware of Plaintiff's medical condition when they put him in the back of their squad car and during his transport to the jail. Where, as here, the detainee requires medical treatment due to intoxication or overdose, "there generally must be evidence that the officers are aware of the ingestion of large quantities of drugs or other intoxicants which, due to the quantities, pose a serious or life-threatening danger to the [detainee], and/or there were obvious signs of distress from the ingestion." *Bradway*, 826 F. Supp. 2d at 472.

According to the allegations in the complaint, Defendants were aware that Plaintiff had ingested a large quantity of drugs and that he displayed the "obvious signs of distress from his intoxication and ingestion of drugs" in their presence, including that he "continuously yelled, begged and pleaded to be taken to [a] hospital" and at some point lost consciousness, before "com[ing] to 5 days later at [a] local hospital." (Compl. at 3.) These allegations, viewed in the light most favorable to Plaintiff, plausibly allege that Defendants were on notice of the severity of Plaintiff's condition. *See, e.g., Iacovangelo v. Correctional Medical Care, Inc*, 624 F. App'x 10, 13 (2d Cir. 2015) (holding that the defendant had subjective awareness of detainee's drug withdrawal and intoxication during a medical screening where the defendant was aware of the detainee's drug history, a "visual assessment" of the detainee indicated that she was under the influence of drugs, and the detainee was observed vomiting); *Bradway*, 826 F. Supp. 2d at 472 (finding that the officers were aware of a detainee's medical condition where the officers witnessed the detainee's drug consumption, he told the officers of his drug consumption and displayed signs of distress).

The next relevant inquiry is whether, given their awareness, Defendants acted in reckless disregard to the substantial risk of harm to Plaintiff's health. The complaint does not point to a single instance in which Plaintiff received any medical treatment or attention to address his presenting symptoms prior to Defendants placing him in a "restraint chair and spit mask" at the jail, after which the "jail nurse refused to clear [him]" and advised to call emergency services. (*Id*. at

3–4.)  Instead, Plaintiff pleads that Defendants "stood by while they waited for a tow truck, then still ignoring my pleas transported me to the jail." (*Id.*)  Based on the foregoing, the Court finds that Plaintiff's complaint plausibly alleges that Defendants acted with a culpable mental state sufficient to fulfill the subjective prong of the deliberate indifference analysis. *See, e.g., Iacovangelo*, 624 F. App'x at 13.

### 2. Claim II – Due Process Violation Relating to Property in Towed Vehicle

The gravamen of Claim II is that Officer Rivera violated Plaintiff's due process rights by "fail[ing] to collect" Plaintiff's property from his vehicle before it was towed, resulting in it being "lost and unaccounted for." (Compl. at 5.)  The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1.  This clause guarantees both procedural and substantive due process.  The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

A Section 1983 claim for a violation of procedural due process has three elements: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904.  Here, the nature of the alleged deprivation of Plaintiff's property is not clear.  Beyond the initial decision to tow the vehicle, which Plaintiff does not appear to challenge, there are no allegations that Officer Rivera took any action depriving Plaintiff of his property.  To the extent that Plaintiff is alleging Officer Rivera failed to protect Plaintiff's property, this is a negligent deprivation claim that does not give rise to a due process claim. *See Daniels v. Williams*, 474 U.S. 327, 331, (1986) (holding that mere negligence is not an actionable deprivation under the Due Process Clause of the Fourteenth Amendment).

Additionally, Plaintiff's complaint fails to plead the nature of the process to which he allegedly was entitled that he did not receive.  Plaintiff does not assert, for example, that he made an effort to seek the return of the property from the towing company or that he has no other adequate post-deprivation procedure available to him under state law. *See King v. Massarweh*, 782 F.2d 825,

827 (9th Cir. 1986) ("A Section 1983 cause of action does not exist for a random, unauthorized deprivation of liberty or property where adequate post-deprivation procedures are available under state law.") (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)).  Absent more information, Plaintiff fail to assert a due process violation against Officer Rivera (or against Officer Carrillo) regarding his purported "lost and unaccounted for" property and, as such, has failed to state a cognizable claim.

## III.        CONCLUSION AND ORDER

Plaintiff is given the choice to file a first amended complaint or to proceed on his failure to provide medical assistance claim and dismiss his other claim.  Plaintiff must either notify the Court of his decision to proceed on his cognizable failure to provide medical assistance claim or file a first amended complaint within **twenty-one (21) days** of the service of this order.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the acts complained of have resulted in a violation of Plaintiff's constitutional rights, as set forth more fully above.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).  The first amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by

the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff is granted leave to file a first amended complaint;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:

   a. file a first amended complaint curing the deficiencies identified by the Court in this order, or

   b. notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the failure to provide medical assistance claim as identified by the Court as viable/cognizable in this order; and

4. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on his failure to provide medical assistance claim, and his other claim will be recommended for dismissal with prejudice**.

IT IS SO ORDERED.

Dated:   **September 19, 2019**                    /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE

11