# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR PIMENTEL, | |
| Plaintiff, | Case No. 1:19-cv-01088-AWI-SKO |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE |
| HANFORD POLICE OFFICERS ALFRED RIVERA and MARK CARRILLO, | ORDER CONTINUING SCHEDULING CONFERENCE |
| Defendants. | (Doc. 14) |

## I. INTRODUCTION

On August 9, 2019, Plaintiff, proceeding *in forma pauperis*, filed this case against Defendants pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court found Plaintiff's complaint stated a cognizable claim for failure to provide medical assistance, (*see* Docs. 4, 5, 6), and directed service of the complaint by the United States Marshal, (Docs. 7, 9). On October 25, 2019, proof of service was filed on the docket. (Doc. 10.)

Defendants filed a motion to quash service on December 30, 2019. (Doc. 14.) Plaintiff filed an opposition on January 10, 2020. (Doc. 15.) For the reasons stated below, Defendants' motion is granted, and service is quashed.

## II. DISCUSSION

### A. Legal Standards

Rule 4 of the Federal Rules of Civil Procedure provides that proper service can be made on an individual defendant by: (A) delivering a copy of the summons and of the complaint to the

individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2). Proper service can also be made pursuant to the applicable law of the state in which the case was filed or in which service is effected. *See* Fed. R. Civ. P. 4(e)(1).

Under California law, service may be made on an individual defendant by personally delivering a copy of the summons and complaint to the defendant or by substitute service under Cal. Civ. Code. § 415, which states, in relevant part:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Civ. Code § 415.20.

When service is challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Normally the process server's return will provide a prima facie case as to the facts of service, but if the defendant introduces uncontroverted affidavits in support of a motion to quash service, the content of those affidavits will be deemed admitted for purposes of the motion." *O'Dell v. Inyo County Sheriff's Dep.*, No. CV-F-06-658 OWW/SMS, 2006 WL 3834397, at *2 (E.D. Cal. Dec. 26, 2006) (quoting Wright & Miller, *Federal Practice and Procedure: Civil 3rd* § 1353, pp. 343-344).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, there still must be "substantial compliance" with Rule 4, otherwise, "neither actual notice nor simply naming the defendant in the complaint will

provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). If service was insufficient, the Court may either dismiss the action or retain the action and quash service of process. *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

**B.     Analysis**

Here, the return of service states that on October 25, 2019, service was effected on Defendants at the Hanford Police Department, 425 N. Irwin Street, Hanford, California 93230, by delivering a copy of the summons and complaint to "A. Carrillo, Records Assistant," who "accepted service" on behalf of Defendants. (*See* Doc. 10.) There is no indication that personal service on Defendants was attempted or that the summons and complaint were mailed to Defendant's place of business. Defendants' motion attaches declarations stating that Defendants were not personally served and did not receive copies of the summons or the complaint in the mail. (Docs. 14-2, 14-3.)

The Court finds that service was not properly effected under Rule 4(e) or under California law, and therefore service must be quashed. As to substitute service under Rule 4, although the return of service states that "A. Carillo" accepted service on behalf of Defendants, this is insufficient to show that A. Carrillo was "authorized by appointment or by law" to receive service of process for Defendants. *See* Fed. R. Civ. P. 4(e)(2)(C); *see also, e.g.*, *United States v. Marple Community Record, Inc.*, 335 F. Supp. 95, 102 (E.D. Pa. 1971) ("Obviously, something more than mere acceptance must be shown to demonstrate an agency relationship for this specific purpose [of accepting service]"); *2 Moore's Federal Practice* ¶ 4.10[4], at 4-176 ("The agent's acceptance of service, or his own statement as to his authority, is insufficient, standing alone, to establish authorization to receive process."). In sum, the Court cannot find that Defendants explicitly appointed A. Carrillo to accept service, or impliedly appointed her "from the circumstances surrounding the service upon the agent." *See* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1098 (3d ed. 2002); *see also Perez Lopez v. Mangome*, 117 F.R.D. 327,

328 (D.P.R. 1987) (finding insufficient service of process where the defendant police officers were served by leaving copies of the summons and complaint with an administrative assistant at the police department).

As to substitute service under California law, the return of service reflects that copies of the summons and the complaint were left at Defendants' place of business, but there is no indication that personal service was attempted first, and there is no indication that the summons and complaint were also mailed by first-class mail to Defendants' place of business. (*See* Doc. 10.) Thus, service was similarly ineffective under Cal. Civ. Code § 415.20. Accordingly, the Court finds that service must be quashed. In its discretion, the Court will retain jurisdiction, quash service and direct the United States Marshal to re-serve Defendants. *See Stevens*, 538 F.2d at 1389.

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion to quash service, (Doc. 14), is GRANTED, and service is QUASHED.

2. The Court will direct the United States Marshal Service to re-serve Defendants by separate order.

3. The mandatory scheduling conference currently set for January 23, 2020, is CONTINUED to April 16, 2020 at 10:15 a.m.


IT IS SO ORDERED.

Dated: __**January 14, 2020**__        /s/ *Sheila K. Oberto*
                                                               UNITED STATES MAGISTRATE JUDGE