# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR PIMENTEL,<br><br>  Plaintiff,<br><br>  v.<br><br>HANFORD POLICE OFFICERS ALFRED RIVERA and MARK CARRILLO,<br><br>  Defendants.      / | **Case No. 1:19-cv-01088-AWI-SKO**<br><br>**SECOND ORDER DIRECTING SERVICE BY THE UNITED STATES MARSHAL SERVICE WITHOUT PREPAYMENT OF COSTS** |

On August 9, 2019, Plaintiff, proceeding *in forma pauperis*, filed this case pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court found Plaintiff's complaint stated a cognizable claim for failure to provide medical assistance, (*see* Docs. 4, 5, 6), and directed service of the complaint by the United States Marshal, (Docs. 7, 9). On October 25, 2019, proof of service was filed on the docket. (Doc. 10.) On December 30, 2019, Defendants filed a motion to quash service, (Doc. 14), which the Court granted, (Doc. 16).

Accordingly, pursuant to Federal Rule of Civil Procedure 4(c), it is HEREBY ORDERED that:

1. For each defendant to be served, the Clerk of the Court is directed to forward the following documents to the United States Marshals Service:

   a) One completed and issued summons;

   b) One completed USM−285 form;

   c) One copy of the Complaint filed on August 9, 2019, plus an extra copy for the Marshals Service;

|   |    |    |                                                                                      |
|---|----|----|--------------------------------------------------------------------------------------|
|   |    | d) | One copy of this order, plus an extra copy for the Marshals Service; and             |
|   |    | e) | One copy of the Court's order granting Defendants' motion to quash service, (Doc. 16). |

2. Within ten days from the date of this order, the Marshals Service is directed to notify the following defendants of the commencement of this action and to request a waiver of service in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c): **Hanford Police Officer Alfred Rivera and Hanford Police Officer Mark Carrillo**.

3. The Marshals Service shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.

4. If a waiver of service is not returned by a defendant within thirty days of the date of mailing the request for waiver, the Marshals Service shall:

   a) Personally serve process and a copy of this order upon the defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c) and shall command all necessary assistance from the Hanford Police Department to execute this order. The Marshals Service shall maintain the confidentiality of all information provided by the Hanford Police Department pursuant to this order.

   b) Within ten days after personal service is effected, the Marshals Service shall file the return of service for a defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM−285 form and shall include the costs incurred by the Marshals Service for photocopying additional copies of the summons and complaint and for preparing new USM−285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

**5. If a defendant waives service, they are required to return the signed waiver to the Marshals Service. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject the defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).**

6. Once a defendant either waives service or is personally served, that defendant is required to respond to the Complaint.

IT IS SO ORDERED.

Dated: **January 14, 2020**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE