**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CESAR PIMENTEL,** | **CASE NO. 1:19-CV-1088 AWI SKO** |
| **Plaintiff** | |
| **v.** | **ORDER VACATING HEARING AND ORDER ON PLAINTIFF'S MOTION TO AMEND** |
| **ALFRED RIVERA and MARK CARRILLO,** | |
| **Defendants** | (Doc. No. 35) |

      This case arises from an encounter between Plaintiff Cesar Pimentel and two members of the Hanford Police Department. Currently set for hearing and decision on June 28, 2021, is Plaintiff's motion to amend the complaint. After review, the Court will vacate the June 28, 2021 hearing and issue this order, which resolves Plaintiff's motion. See Local Rule 230.

      *Background*

      The active complaint is the original complaint, which was filed by Plaintiff pro se. See Doc. No. 1. After the screening process, Plaintiff elected to proceed on a single claim that was found to be cognizable – failure to provide medical care under the Fourteenth Amendment. In short, Plaintiff alleged that after he was arrested, he informed Defendants Rivera and Carrillo that he had swallowed a large amount of narcotics and needed immediate medical assistance, but the Defendants failed to provide any medical assistance until instructed to do so by the jail nurse despite exhibiting significant physical symptoms of drug ingestion. See id. Plaintiff, now through

counsel, seeks to add a Fourteenth Amendment excessive force claim based Defendants' conduct that occurred at the jail and after he informed the Defendants that he needed medical attention for drug ingestion. See id. Specifically, Plaintiff faults Defendants for forcibly placing a spit mask on him (even though he never spat or threatened to spit on anyone), placing him in a restraint chair, and obstructing his breathing by placing their hands over his mouth while he was on a hospital gurney and getting ready to be transported to the hospital. See id.

Plaintiff filed his motion on May 30, 2021, and set the hearing date for June 28, 2021. See id. at Doc. No. 35. Plaintiff's motion indicates that Defendants refused to consent to amending the complaint. See id. However, despite the lack of consent, Defendants did not file an opposition or a response of any kind to Plaintiff's motion.

*Discussion*

Where, as here, a scheduling order is in place that sets a deadline for filing an amended pleading that has passed, there is a two-step process for determining whether to allow an amended complaint. Weeks v. Union Pac. R.R. Co., 2017 U.S. Dist. LEXIS 68441, at *15 n.5 (E.D. Cal. May 3, 2017). First, the moving party must demonstrate "good cause" under Rule 16(b)(4) to amend the scheduling order. See Mentor Graphics Corp. v. EVE-USA, Inc., 13 F.Supp.3d 1116, 1121 (D. Or. 2014); Jackson v. Laureate, Inc., 186 F.R.D. 605, 606-07 (E.D. Cal. 1999); Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D. N.C. 1987); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Forstmann with approval). Second, if "good cause" under Rule 16(b)(4) is demonstrated, the moving party must then show that an amended complaint is proper under the standards of Rule 15. See Mentor Graphics, 13 F.Supp.3d at 1121; Jackson, 186 F.R.D. at 606-07; Forstmann, 114 F.R.D. at 85; see also Johnson, 975 F.2d at 608.

Here, Plaintiff argues that new evidence during the discovery process has revealed the additional claims, that he diligently pursued his case but was hindered by his pro se status, new counsel quickly revealed evidence obtained during discovery and found the new claims, this motion was filed quickly after the new claims were discovered and after attempts to obtain a stipulation failed, and there is no bad faith, undue delay, futility of amendment, or prejudice to the

Defendants by allowing the amendment. There is no argument or response by Defendants that refutes any aspect of Plaintiff's motion. That is, Defendants do not in any way challenge the assertions by Plaintiff that he and his counsel acted diligently and that Defendants will not be prejudiced by the amendment. In the absence of an opposition that addresses Plaintiff's assertions, the Court will not find either prejudice or a lack of diligence. Additionally, it does not appear to the Court that amendment would be futile. See Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015) (discussing excessive force claims of a pre-trial detainee under the Fourteenth Amendment); James v. Lee, 485 F.Supp.3d 1247, 1254 (S.D. Cal. 2020) (same). Therefore, the Court will grant Plaintiff's motion to amend.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.     The June 28, 2021 hearing date is VACATED;

2.     Plaintiff's motion to amend (Doc. No. 35) is GRANTED;

3.     The Clerk shall enter on the Docket the Plaintiff's proposed First Amended Complaint (Doc. No. 35-1) as a separate document entitled "First Amended Complaint";

4.     Upon the Clerk entering the First Amended Complaint on the docket, the First Amended Complaint shall be the active complaint in this case and will supersede the original complaint (Doc. No. 1); and

5.     Within fourteen (14) days of the Clerk filing the First Amended Complaint on the docket, Defendants shall file a response.

IT IS SO ORDERED.

Dated:   June 28, 2021     _____

SENIOR  DISTRICT  JUDGE

3